55-b

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5019 | **DATE** | 1/22/2003 |
| **CASE TITLE** | USA ex rel. Corey Jackson vs. Jonathan Walls, Warden Menard Correctional Center | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion. e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for habeas corpus is denied. Judgment is entered in favor of the Respondent Jonathan Walls and against Petitioner Corey Jackson. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | 17 |
| | Notified counsel by telephone. | | JAN 2 3 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | U.S. DISTRICT COURT | date mailed notice | |
| RO | courtroom deputy's initials | | 03 JAN 22 PM 3: 00 | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

United States of America *ex rel.*,      )
COREY JACKSON,                           )
                                         )
            Petitioner,                  )
                                         )        No. 02 C 5019
      v.                                 )
                                         )        **Judge Ruben Castillo**
JONATHAN WALLS, Warden,                  )
Menard Correctional Center,              )
                                         )
            Respondent.                  )

## MEMORANDUM OPINION AND ORDER

Petitioner Corey Jackson filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2254 arguing that his Sixth Amendment rights were violated when, after his indictment in one

case, he was placed in a line-up in a different case without his lawyer present and the State

subsequently used evidence from the second investigation in the trial of the first offense.

Jackson claims that the crimes were so closely related that his Sixth Amendment right to counsel

attached to the line-up in the second case. For the following reasons, Jackson's petition is

denied. (R. 1-1.)

### RELEVANT FACTS[1]

On May 25, 1998, a woman named D.R. was walking down the street near 48th Street

and Indiana in the late evening. A man approached her, placed a gun to her right side and

---

[1] This Court presumes that the factual determinations by the State court are correct. *See*
28 U.S.C. § 2254(e)(1). Accordingly, we rely on the facts set forth in the Illinois Appellate
Court's decision in *People v. Jackson*, No. 1-99-3489 (Ill. App. Ct. May 14, 2001). (R. 12, Ex.
B.)

ordered her to accompany him into a car. The man drove her to an abandoned building and made her undress. The man then forced D.R. to engage in oral and vaginal intercourse with him.

During the early morning hours on September 26, 1998, a woman, L.S., was walking alone in a neighborhood on Chicago's South Side. An attacker sprung from the bushes, grabbed her from behind and, brandishing a cake knife, dragged her into an abandoned building. The assailant forced L.S. to engage in vaginal intercourse with him. As he was leaving he took the victim's overcoat. L.S. ran into the street and asked two nearby women to call the police because she had been raped. The police arrived a few minutes later, and additional officers arrived some minutes later with the defendant, who was wearing L.S.'s coat and who she identified as her assailant. Jackson was charged with eleven counts of aggravated criminal sexual assault, aggravated kidnapping, armed robbery, kidnapping, and aggravated battery. Counsel was appointed for Jackson in September 1998.

In July 1999, D.R. identified Jackson during a line-up as the man who assaulted her. Jackson's lawyer in the L.S. case was not present at the line-up. During Jackson's subsequent trial in the L.S. case the State sought to introduce D.R.'s testimony and line-up identification as other-crimes evidence and proof of the defendant's *modus operandi*. Jackson moved to suppress the testimony but the motion was denied.

After a bench trial Jackson was convicted of aggravated criminal sexual assault, aggravated kidnapping, armed robbery, kidnapping, and aggravated kidnapping on a public way. He was sentenced to 30 years' imprisonment on the aggravated criminal sexual assault conviction and 16 years' imprisonment each for the aggravated kidnapping and armed robbery convictions, all to be served consecutively. Jackson raised six issues in his appeal to the Illinois

2

Appellate Court, including the claim that his Sixth Amendment right to counsel was violated when the line-up in the D.R. case was conducted outside the presence of counsel in the L.S. case. In May 2001 the Illinois Appellate Court affirmed his conviction and sentence. Petitioner next filed a petition for leave to appeal in the Illinois Supreme Court, raising only the Sixth Amendment claim. (R. 11, Answer ¶ 4.) That petition was denied in October 2001. (*Id.*) Jackson did not seek post-conviction relief in the Illinois state courts. (*Id.*) On July 12, 2002, Jackson filed the present petition for a writ of habeas corpus in this Court, raising the claim that his "Sixth Amendment right to counsel was denied when counsel was not permitted to be present for a lineup in a closely related but uncharged case, where the lineup identification and other evidence was used at his trial on the formal charge."[2] (R. 1, Pet. at 5.)

## LEGAL STANDARDS

Jackson's case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As an initial matter, we may not address the merits of Jackson's petition unless the Illinois state courts have had a full and fair opportunity to review his claims. Full and fair presentment of petitioner's claims occurs when: (1) the petitioner has exhausted all available remedies; and (2) he has raised each of his claims during the state proceedings and thus avoided procedural default. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000). In this case the State admits that Jackson has exhausted his state remedies and has not procedurally defaulted his Sixth Amendment claim. Under AEDPA, we may grant a

---

[2] Jackson also attempts to raise a Fifth Amendment claim as a sub-part to his Sixth Amendment claim. Because that claim was not raised on direct appeal in the state courts, it is procedurally defaulted and thus we may not address it. *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999) ("If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted.")

3

writ of habeas corpus only if Jackson demonstrates that the state court's adjudication of the claim was contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court, *see* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000), or if the decision was premised on an unreasonable determination of facts, *see* 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to" Supreme Court precedent if: (1) the state court applies a rule that contradicts the governing law set forth in Supreme Court cases; or (2) the state court confronts a set of facts that is materially indistinguishable from a Supreme Court case but arrives at a different result. *Williams*, 529 U.S. at 405-06. Under the second prong of § 2254(d)(1), habeas corpus relief is appropriate if a state court unreasonably applies the facts of the case to governing Supreme Court precedent. *Id.* at 413. This prong does not turn on the *correctness* of the state court's application of the law, but rather the *reasonableness* of that application; therefore, a federal court considering a habeas corpus petition must uphold a state court ruling that is erroneous, so long as it is not unreasonably so. *Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 1850 (2002); *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002). Finally, under § 2254(d)(2), relief is appropriate where the petitioner can show by clear and convincing evidence that the state court's factual determinations were unreasonable. *Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002). Jackson does not specify whether his claim for habeas corpus relief falls under either prong of § 2254(d)(1) or under § 2254(d)(2). Notably, however, Jackson does not challenge the state court's factual determinations, nor does he argue that the Appellate Court applied the incorrect rule of constitutional law as articulated by the Supreme Court. Accordingly, we conclude that Jackson's claim falls within the second prong of § 2254(d)(1)

because he argues that the Illinois Appellate Court unreasonably applied prevailing Sixth Amendment law to the facts of his case.

## ANALYSIS

It is well-established that a defendant's Sixth Amendment right to counsel attaches only after adversarial judicial proceedings have been initiated and the government has committed itself to prosecuting the case. *See Texas v. Cobb*, 532 U.S. 162 (2001); *Moran v. Burbine*, 475 U.S. 412, 432 (1986). Adversarial judicial proceedings include the filing of formal charges, preliminary hearings, indictment, information or arraignment. *Cobb*, 532 U.S. at 167-68. Additionally, the Supreme Court has held that Sixth Amendment rights are offense specific; that is, these rights "cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced." *Cobb*, 532 U.S. at 167 (*quoting McNeil v. Wis.*, 501 U.S. 171 (1991)).

The Illinois Appellate Court properly applied these Sixth Amendment principles to Jackson's case. First, the court noted that the right to counsel is offense-specific and initiates only after adversarial judicial proceedings. "[T]he fact that a defendant is represented by counsel on a charged offense does not prevent authorities from questioning the defendant about other unrelated offenses." *People v. Jackson*, No. 1-99-3489, Slip Op. at 10. The court further noted that at the time of the line-up no adversarial proceedings had been initiated against Jackson in the D.R. case, nor was there any indication in the record that the State had decided to prosecute the D.R. case. The court next considered and rejected Jackson's argument that Sixth Amendment rights extend to offenses that are closely related to the charged offense and for which a defendant is subsequently formally accused. Relying on Illinois Supreme Court

5

decisions, which in turn cite *Maine v. Moulton*, 474 U.S. 159, 180 (1985) for the proposition that Sixth Amendment rights attach to offenses that are "closely related" to the charged offense, the Illinois Appellate Court thoroughly analyzed the factors that weigh in favor of applying this exception to the "offense-specific" rule and concluded that those factors were not satisfied in Jackson's case.[3] We do not believe that the Illinois Appellate Court unreasonably applied prevailing Supreme Court precedent in its analysis, and thus Jackson fails to meet his burden under § 2254(d)(1).

## CONCLUSION

For the foregoing reasons, we deny Jackson's petition for habeas corpus. (R. 1-1.) The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Jackson.

ENTERED:

Judge Ruben Castillo
**United States District Court**

**Date: January 22, 2003**

---

[3] Significantly, the Supreme Court has since clarified and rejected the "closely-related offenses" exception. *Cobb*, 532 U.S. at168-170. In *Cobb*, the Court rejected the notion that prior Court precedent established such an exception, either implicitly or explicitly. *Id.* at 169 (noting "Constitutional rights are not defined by inferences from opinions which did not address the question at issue."). Thus, to the extent that the Illinois Appellate Court gave Jackson more latitude that he was constitutionally due by applying an exception later rejected by the Supreme Court, his claim that his Sixth Amendment rights were violated is even less tenable.